UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____
                                      )
**DEBORAH CARDONA,**                  )
                                      )    04 Civ. 6534 (RCC)
                     Petitioner,      )
                                      )    MEMORANDUM
           - against -                )    & ORDER
                                      )
**ANGINELL ANDREWS, Superintendent,** )
                                      )
                     Respondent.      )
                                      )
_____  )

**RICHARD CONWAY CASEY, United States District Judge:**

Deborah Cardona ("Petitioner") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's state custody arises from a conviction following her plea of guilty pursuant to a plea agreement. This Court referred the matter to Magistrate Judge James C. Francis IV, who issued a Report and Recommendation ("Report") recommending that the Court dismiss the petition as time-barred. Petitioner objects to the Report. For the reasons stated below, the Court adopts the Report and denies the petition.

**I.    BACKGROUND**
       **A.    Petitioner's Guilty Plea and Sentencing**

On August 21, 2001, Petitioner was indicted by a grand jury of the New York State Supreme Court, New York County, for the possession and attempted sale of crack cocaine in front of 178 East 101st Street in Manhattan on May 3, 2000. (Apr. 2, 2002 Plea Transcript ("Plea Tr.") at 11-12.)[1] Thereafter, Petitioner was also indicted for bail jumping after she failed to appear in court on October 24, 2001. On April 2, 2002, Petitioner pled guilty to Attempted Criminal Sale of a Controlled Substance in the Third Degree in violation of New York Penal Law §§ 110 and 220.39, and Bail Jumping in the First Degree in violation of New York Penal Law § 215.57. (Plea Tr. at 3, 18.) On April 26, 2002, pursuant to the plea agreement, Justice Bernard Fried sentenced Petitioner, as a second felony offender, to an indeterminate prison term of three to six years on the narcotics conviction, and a consecutive two to four year prison term for bail jumping. (April 26, 2003 Sentence Transcript ("Sent. Tr.") at 3.)[2] Petitioner did not file an appeal because she waived her right to do so in her plea agreement. (Plea Tr. at 18-19.)

       **B.    Petitioner's Motion to Vacate Judgment**

On December 11, 2002, Petitioner filed a motion to vacate her conviction pursuant to New York Criminal Procedure Law § 440.10. Petitioner alleged (1) her guilty plea was coerced;

---

[1] Attached as Exhibit D to the Petition for Writ of Habeas Corpus ("Pet. Exh.") at 79-98.

[2] Attached as Pet. Exh. D at 130-33.

(2) her plea was not knowing, voluntary, and intelligent; (3) she had been denied counsel at a critical stage of the proceeding; (4) she received ineffective assistance of counsel; and (5) the indictment was void because multiple counts charged her with the same crime. (Notice of Motion dated Dec. 11, 2002.)[3] On March 20, 2003, Justice Fried denied her motion to vacate. (Pet. Exh. D at 119, 129.) Thereafter, Petitioner filed a motion for reconsideration on May 1, 2003, (Pet. Exh. D at 11), which Justice Fried denied on May 21, 2003. (Pet. Exh. D at 10.) On July 1, 2003, Petitioner filed a second motion for reconsideration, which Justice Fried also denied on July 25, 2003. (Pet. Exh. D at 3.)

In an order signed on February 10, 2004 and entered on February 17, 2004, Justice Ellerin of the of the New York State Supreme Court Appellate Division, First Department, denied Petitioner's application for leave to appeal. (Pet. Exh. A.) On March 17, 2004, Judge Rosenblatt of the Court of Appeals of the State of New York dismissed Petitioner's application for a certificate to appeal because the order by the Appellate Division denying Petitioner's application for leave to appeal was not appealable under Criminal Procedure Law § 450.90. (Pet. Exh. B.)

### C. Petitioner's Habeas Corpus Petition

On August 4, 2004, Petitioner filed the instant habeas corpus petition, arguing (1) that her guilty plea was coerced by fraud and (2) that she received ineffective assistance of counsel. Respondent opposes the petition on the merits and also argues that the petition is time-barred by the one-year period of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ( "AEDPA"). Magistrate Judge Francis agreed and recommended that the petition be dismissed as time-barred.

Petitioner filed written objections to the Report in which she argues that the Report's conclusion regarding equitable tolling was incorrect and that the difficulties inherent in her pro se status and her actual innocence merit a different outcome. (Petitioner's Objection to Magistrate's Report and Recommendation ("Pet. Obj.") at 3-7.)

## II. DISCUSSION
### A. Standard of Review
The Court reviews de novo all portions of the Report to which there are objections. 28 U.S.C. § 636(b)(2); Fed. R. Civ. P. 72(b).

### B. AEDPA Statute of Limitations
> [A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The AEDPA, however, imposes a one-year statute of limitations that runs from the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct

---

[3] Attached as Exh. D to Feb. 15, 2005 Alyson J. Gill Decl.

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing and application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on May 26, 2002 because she did not appeal it within thirty days of her April 26, 2002 sentence. N.Y. Crim. Proc. Law § 460.10(1)(a) (providing a defendant thirty days in which to appeal a conviction); see also Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) (considering petitioner's conviction final upon expiration of time for filing an appeal). As a result, Petitioner had until May 26, 2003 to file her habeas petition. See 28 U.S.C. § 2244(d)(1). Petitioner is deemed to have filed the instant petition on August 4, 2004, more than two years after the finality of her conviction. See Houston v. Lack, 487 U.S. 266, 270 (1988) (holding pro se petitioner's notice of appeal filed upon delivery to prison authorities for forwarding to court clerk); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) (extending prison mailbox rule to federal habeas corpus petitions).

Under the AEDPA, the one-year limitations period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A post-conviction motion is considered pending "from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Hizbullahankhamon v. Walker, 255 F.3d 65, 70 (2d Cir. 2001) (quoting Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999)).

The limitations period for the instant petition was tolled from December 11, 2002, the date on which Petitioner filed her motion to vacate her conviction in the state court, through February 17, 2004, the date on which the Appellate Division denied Petitioner's appeal. See Johnson v. Girdich, 03 Civ. 5086 (LBS), 2005 WL 427576, at *4-5 (S.D.N.Y. Feb. 23, 2005) (finding tolling period ends on date order denying motion to vacate is entered). On March 17, 2004, the Court of Appeals denied Petitioner's request for "a certificate to appeal pursuant to section 460.20 of the Criminal Procedural Law . . . because the order sought to be appealed is not appealable under Criminal Procedure Law, section 450.90(1)." (Pet. Exh. B.) Where a petitioner seeks an appeal to which she has no right, the period in which that application is pending does not continue to toll the limitations period. See Hizbullahankamon, 255 F.3d at 70. Thus, the limitations period did not toll after the Appellate Division denied Petitioner's appeal on February

17, 2004.

Accordingly, the limitations period in this case ran for 199 days from May 26, 2002 until December 11, 2002, and for an additional 169 days from February 17, 2004 until August 4, 2004, the date of the present habeas petition. Excluding the time tolled during the pendency of the post-conviction motion, the petition was filed a total of 368 days after Petitioner's conviction became final on May 26, 2002. Thus, the petition is time-barred by the AEDPA's limitations period.

### C. Equitable Tolling

The Second Circuit has held that the limitations period set forth in 28 U.S.C. § 2244(d) may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 15-17 (2d Cir. 2000) (holding that "the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period"), cert. denied, 531 U.S. 840 (2000). Equitable tolling applies, however, only in "rare and exceptional circumstances." Id. at 17. The doctrine requires a petitioner to demonstrate a "causal relationship between the extraordinary circumstances on which the claim for tolling rests and the lateness of [her] filing." See Valverde v. Stinson, 224 F.3d 129, 133-34 (2d Cir. 2000) (finding confiscation of petitioner's draft petition and all related legal papers days before filing deadline warranted equitable tolling of limitations period); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) (finding equitable tolling was justified where petitioner's attorney disregarded specific direction to file habeas petition, told petitioner's wife that it was "too late" to file when fourteen months remained until AEDPA deadline, did no legal research while representing petitioner, and made no effort to locate petitioner after a single, unsuccessful attempt). Moreover, the equitable tolling doctrine requires a petitioner to "demonstrate that [she] acted with 'reasonable diligence' during the period [she] wishes to have tolled." Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001) (citation omitted); see also Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (same). Extraordinary circumstances do not "prevent" the timely filing of a petition where a petitioner could have filed within the limitations period, but failed to do so. See Valverde, 224 F.3d at 134.

Neither Petitioner's pro se status nor her incarceration are sufficiently extraordinary to justify equitable tolling of the limitations period here. See Baldayaque, 338 F.3d at 152; Smith, 308 F.3d at 18; Valverde, 224 F.3d at 134. Similarly, her argument that she received ineffective assistance of counsel at her sentencing does not provide a basis for granting equitable tolling of the instant petition. There is no indication as to how her attorney's performance at her sentencing could have prevented her from filing her pro se habeas petition on time.

Petitioner claims that her actual innocence is another basis for equitable tolling. (Pet. Obj. at 4-5). "The doctrine of actual innocence was developed to mitigate the potential harshness of the judicial limitations placed on a petitioner's ability to file successive or otherwise procedurally defaulted habeas petitions in the federal courts." Menefee, 391 F.3d at 160 (citing Schlup v. Delo, 513 U.S. 298, 318-21 (1995)). The Second Circuit has instructed that district courts must determine whether a petitioner has presented a credible claim of actual innocence before ruling on whether the claim provides a basis for equitable tolling. Id. at 161. Petitioner

4

must support her claim of actual innocence "with new reliable evidence . . . that was not presented at trial." Id. at 161 (citing Schlup, 513 U.S. at 324). Here, Petitioner offers photographs of the location in which Petitioner's involvement in drug dealing occurred. She argues it is not, in fact, within 1,000 feet of a school as prosecutors argued in state court. Rather, she claims it is approximately 1,887 feet from the closest school. (Pet. Obj. Ex. A.) These photographs are irrelevant to the crimes for which Petitioner was convicted – attempted criminal sale of a controlled substance and bail jumping. Thus, Petitioner's new evidence does not support her claims for actual innocence or equitable tolling.

### III.  CONCLUSION

For the foregoing reasons, the Court adopts the Report and denies Petitioner's petition. The Clerk of the Court is directed to close this case and to remove it from the Court's active docket.

**So Ordered**: New York, New York
October 13, 2005

_____
Richard Conway Casey, U.S.D.J.